IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02050-GPG

JOSE A. LOPEZ,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director,
DAVID JOHNSON, Warden of D.R.D.C., Denver Reception and Diagnostic Center,
DEPARTMENT OF CORRECTIONS,
JOHN DOE, Sergeant on Duty 10-10-14, Unit 5,
JOHN DOES, two responding officers, 10-14-14,
JANE DOE, responding officer took me to medical,
JANE DOE #2, 10-14-14, 11:30 p.m., D.R.D.C.,
JOHN DOE, Radiologist 10-19-14, D.R.D.C. Medical,
JOHN DOE #11, who had me sign medical release form,
CAPTAIN PERRY, 8:30 p.m., 10-30-14, and
SERGEANT MAJORS, D.R.D.C. Unit 5, 10/16/2014,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Jose A. Lopez, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Lopez has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated in October 2014 while he was housed at the Denver Reception and Diagnostic Center. He seeks damages and injunctive relief.

    The court must construe the Prisoner Complaint liberally because Mr. Lopez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be

an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. Mr. Lopez will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the Prisoner Complaint is deficient. For one thing, Mr. Lopez fails to provide an address for each named Defendant. Mr. Lopez must provide a complete address for each named Defendant so that they may be served properly.

The Prisoner Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lopez alleges he was assaulted by his cellmate on October 14, 2014, and

that he suffered serious physical injuries. He specifically claims his constitutional rights were violated because prison officials failed to protect him from the assault even though his cellmate was known as a violent gang member and because he was denied adequate medical treatment for the injuries he suffered as a result of being assaulted. The court construes the claims as Eighth Amendment claims because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Mr. Lopez fails to provide a short and plain statement of his Eighth Amendment claims showing he is entitled to relief because he does not specify against which Defendant or Defendants he is asserting each Eighth Amendment claim and he fails to allege specific facts that demonstrate his Eighth Amendment rights have been violated. In order to state an arguable Eighth Amendment claim Mr. Lopez must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro*

*se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Lopez must identify the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider*

*v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Finally, the court notes that Mr. Lopez fails to make clear in the Prisoner Complaint exactly how many "John and Jane Doe" defendants he is suing and he fails to allege sufficient facts to identify who those individuals are.  Mr. Lopez may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.  As noted above, Mr. Lopez also must provide an address where each Defendant may be served.  Accordingly, it is

ORDERED that Mr. Lopez file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Lopez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lopez fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge