IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02050-GPG

JOSE A. LOPEZ,

    Plaintiff,

v.

EXECUTIVE DIRECTOR RICK RAEMISCH, Colorado Department of Corrections, and
WARDEN DAVID JOHNSON, Denver Reception Diagnostic Center,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Jose A. Lopez, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Four Mile Correctional Center in Cañon City, Colorado. Mr. Lopez initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On September 22, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Lopez to file an amended complaint that clarifies who he is suing and the claims he is asserting and that provides an address for each named Defendant. On October 26, 2015, Mr. Lopez filed an amended Prisoner Complaint (ECF No. 9) pursuant to 42 U.S.C. § 1983. He seeks damages as well as injunctive relief.

    Mr. Lopez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Lopez's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Lopez is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Lopez claims his constitutional rights were violated while he was incarcerated at the Denver Reception and Diagnostic Center ("DRDC") in Denver, Colorado.  He specifically claims prison officials failed to protect him from being assaulted by his cellmate on October 14, 2014, and failed to provide adequate medical care for the serious injuries he suffered as a result of that assault.  Although Mr. Lopez refers to a number of individuals in his factual allegations in support of his claims, the only two individuals specifically listed as Defendants in the amended complaint are DOC Executive Director Rick Raemisch and DRDC Warden David Johnson.  In addition, DOC Executive Director Raemisch and DRDC Warden Johnson are the only individuals for whom Mr. Lopez provides an address in the amended complaint.  Therefore, the Court does not construe the amended complaint as asserting claims against any individuals other than DOC Executive Director Raemisch and DRDC Warden Johnson.

As Magistrate Judge Gallagher noted in the order directing Mr. Lopez to file an amended complaint, the failure to protect and inadequate medical treatment claims properly are construed as Eighth Amendment claims because "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners."  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  In order to state an arguable Eighth Amendment claim Mr. Lopez must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.

Magistrate Judge Gallagher also advised Mr. Lopez that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  A defendant may not be held liable for

the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Despite these instructions Mr. Lopez fails to allege specific facts in support of his claims in the amended complaint that demonstrate either of the named Defendants personally participated in the alleged violations of his Eighth Amendment rights.  He does not allege that either Defendant actually knew he faced a substantial risk of serious harm and disregarded that risk.  As noted above, DOC Executive Director Raemisch and DRDC Warden Johnson may not be held liable for constitutional violations committed by their subordinates.  Therefore, the claims asserted against DOC Executive Director Raemisch and DRDC Warden Johnson are legally frivolous and must be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the Amended Prisoner Complaint, and

the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   4th   day of      December      , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court